IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-117-BO

| | | |
|---|---|---|
| THERESA LYNN SPARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security,*[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 28, 2020, via videoconference, over which the undersigned presided from Elizabeth City, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits pursuant to Title II of the Social Security Act as well as supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed her applications for benefits on November 19, 2014, alleging a disability onset date of October 16, 2006; plaintiff's onset date was later amended to November 19, 2014. After initial denials, an Administrative Law Judge (ALJ) held a hearing on November 14, 2016. The ALJ dismissed plaintiff's claim for Title II benefits and found

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

that plaintiff was not disabled. This became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can

2

be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the date that her SSI application was protectively filed. At step two, the ALJ found plaintiff's depression, obesity, and hypothyroidism to be severe but determined at step three that her impairments did not meet or equal a Listing either alone or in combination. The ALJ found plaintiff could perform medium work with both exertional and nonexertional limitations. At step four, the ALJ found plaintiff could not perform her past relevant work as an assembler or sexton, and that, considering her age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform.

3

Plaintiff makes several arguments relating to the evidence considered by the ALJ, the ALJ's consideration of plaintiff's impairments, and the ALJ's assessment of the medical and opinion evidence. Upon review of the record and the ALJ's decision, the Court determines that the ALJ applied the correct legal standard and the decision is supported by substantial evidence.

Although plaintiff argues that the ALJ disregarded medical evidence from treating and examining physicians and psychologists relating to the step two decision, plaintiff does not cite any specific disregarded evidence. Plaintiff further contends that the ALJ failed to mention her conditions of joint disease and pain, delusional disorder, schizotypal personality, and cervicitis. However, the record reflects that plaintiff's diagnosis of cervicitis had resolved after surgery in January 2014, Tr. 317-18, that although there was a notation to rule out schizotypal personality, Tr. 359, such a diagnosis was not actually made, and plaintiff's citation to the record which would support a diagnosis of joint disease does not reflect such a condition. *See* Tr. 106. Although the ALJ did not find plaintiff's single diagnosis of delusional disorder to be a severe impairment, she did consider this condition when considering the remaining steps of the sequential process, and plaintiff has failed to identify how the alleged error at step two was harmful. *See Prince v. Colvin*, No. 5:11-CV-763-FL, 2013 WL 1786634, at *2 (E.D.N.C. Apr. 25, 2013).

Plaintiff has not identified any error at step three of the sequential evaluation as plaintiff has not identified any evidence which would suggest greater limitations than those found by the ALJ or Listing-level findings. Plaintiff's arguments regarding the RFC assessment also fail. Again, plaintiff fails to cite specific evidence in the record which would support her allegation of greater restrictions than those found in the RFC. Although plaintiff argues that the ALJ failed to give good reasons for giving little weight to the State agency consultant opinions, their opinions concluded

4

that plaintiff did not have a severe mental impairment and that she could perform the full range of medium work, Tr. 92-100, 103-13, and the ALJ found plaintiff to be more restricted than the State agency consultants. The GAF scores on which plaintiff relies were assigned prior to her alleged onset date, and the ALJ's narrative discussion of her RFC finding was sufficiently detailed to allow for meaningful review.

Finally, plaintiff has not identified any error with respect to the step five determination that jobs existed in the national economy which plaintiff could perform. Plaintiff argues that the ALJ should have crafted a hypothetical for the vocational expert which included her findings of moderate limitation in social functioning as well as concentration, persistence, and pace. "While the ALJ did not provide the VE with [her] 'paragraph B' findings reflecting moderate difficulties in social functioning and concentration, persistence, and pace, [s]he appropriately exercised 'some discretion to craft [her] hypothetical question to communicate to the vocational expert what Claimant could and could not do.'" *Jones v. Colvin*, No. 5:12-CV-00567-FL, 2013 WL 5460197, at *17 (E.D.N.C. Sept. 30, 2013) (citation and alterations omitted). The Court determines that the hypothetic posed to the vocational expert was sufficient to convey what the ALJ found plaintiff could and could not do.

At bottom, having considered each of plaintiff's arguments, the Court determines that the ALJ applied the correct legal standard and her decision is supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is

5

DENIED and defendant's motion [DE 22] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this _20_ day of August, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE